125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400

*www.sdma.com*   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick
### DETERT, MORAN & ARNOLD LLP

*Charles H. Kaplan*
212.898.5524
charles.kaplan@sdma.com

April 18, 2011

**Via Federal Express**

The Honorable Shira A. Scheindlin
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

> [Handwritten annotation:] 4/26
> Defendant's request is granted. The conference currently scheduled for Tuesday, April 26, 2011 at 4:00 p.m. will serve as both an initial pretrial conference and a pre-motion conference to discuss defendant's proposed motion to Disqualify Zatuchni.
> So ordered.
> Shira A. Scheindlin
> USDJ
> 4/20/11

Re: *Grande v. Gristede's Foods, Inc. et al.*, Docket No. 1:11-cv-00777-SAS-JLC (SDNY)

Dear Judge Scheindlin:

We represent Defendant Gristede's Foods, Inc. ("Gristede's" or the "Company") in the above-referenced action. We write concerning Gristede's proposed Motion to Disqualify David Zatuchni, Esq. ("Zatuchni") and his law firm, Zatuchni & Associates LLC, as counsel for Plaintiff Joseph Grande ("Grande" or "Plaintiff") in this action. We respectfully request that the Court schedule a pre-motion conference on Tuesday, April 26, 2011, at 4:00 P.M., the time and date of the currently-scheduled Initial Pretrial Conference.

## Relevant Background

Grande is a disgruntled former employee of Gristede's whom the Company discharged in September 2010. Prior to filing this action, Zatuchni contacted Gristede's on behalf of Grande. In oral and written communications with Gristede's General Counsel and an attorney for the Company not from my law firm, Zatuchni informed Gristede's that Grande intended to make public - by commencing a whistleblower action for alleged unlawful retaliatory discharge - Grande's false and misleading accusations that the Company had engaged in payroll fraud, had failed to pay its taxes, and had made false reports to taxing authorities - unless Gristede's agreed to pay Grande $2,000,000.00, an amount that Zatuchni subsequently lowered.

Grande and Zatuchni's demand was remarkable for several reasons. First, the amount of this demand is notably disproportionate to any possible harm suffered by Grande in the loss of his job—for example, Plaintiff's compensation at the time of his dismissal was a fraction of the amount demanded. Second, Grande's hope of any legitimate recovery would have been crippled by Gristede's inevitable discovery that he had obtained employment with the Company only by failing to disclose that he himself had pleaded guilty in federal court to criminal tax evasion only a few months before he was hired. *See U.S. v. Grande*, Judgment in a Criminal Case dated Feb. 28, 2008 (Doc. No. 9), Docket No. 1:07cr796 (D.N.J.). Third, it was always clear as a matter of law that Grande could not genuinely hope to maintain a whistleblower claim against Gristede's because the alleged "wrong" at issue failed to involve the public health and safety as required by the statutory text and the New York State Court of Appeals. *See* N.Y. Labor Law § 740 (New York's "Whistleblower Act"); *Remba v. Federation Employment and Guidance Service*, 76 N.Y.2d 801, 802, 559

NY/693007v4

Hon. Shira A. Scheindlin
Re: *Grande v. Gristede's Foods, Inc. et al.*
April 18, 2011
Page 2

N.Y.S.2d 961, 961 (N.Y. 1990). Grande has effectively admitted that his Whistleblower Act claim was baseless by voluntarily dismissing with prejudice his Whistleblower Act claim, on March 7, 2011 in response to Gristede's pre-motion letter with regard to the Company's motion to dismiss.

Gristede's resisted Zatuchni's threats and would not pay Grande the exorbitant amounts he sought. Zatuchni then filed the present action on behalf of Grande, thus publicizing Plaintiff's scurrilous claims, as Grande and he had threatened.

In his Amended Complaint, Grande asserted two causes of action. The now-withdrawn Count I contended that Gristede's terminated Plaintiff for "whistleblowing conduct" in violation of New York Labor Law § 740, specifically, for Grande's purported "discovery" that the Company had failed to pay the correct amount of payroll taxes. Amended Complaint at ¶¶ 10, 22, 27, 32, 33. The remaining claim, Count II, avers that Gristede's Chairman and CEO, Defendant John Catsimatidis ("Catsimatidis"), slandered Grande when questioned by a reporter about the instant civil action. Specifically, Grande alleges that the following alleged statement, reported in the *New York Post*, was defamatory: "Catsimatidis also said Grande, 42, tried to extort $2 million from the company." *Id.* at ¶ 42.

Gristede's believes that Grande's defamation claim is inadequate as pleaded, and will move to dismiss it. However, should the defamation count survive, one of the Company's central defenses will be that Grande did, in fact, attempt to extort $2,000,000.00 from Gristede's.

Gristede's has requested by a letter dated April 5, 2011 that Zatuchni withdraw as Grande's counsel. Zatuchni has declined to withdraw.

**Summary of Argument**

Rule 3.7 (Lawyer as Witness) of New York's Rules of Professional Conduct for attorneys provides, in relevant part, that "A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact . . . ."[1] (McKinney's Supp. 2011). If the Court does not grant Gristede's motion to dismiss the Amended Complaint, Zatuchni will be a witness concerning the Company's defense against Grande's defamation claim. Specifically, Zatuchni will be a fact witness regarding his communications to Gristede's and its counsel in which, acting on Grande's behalf, he attempted to extort $2,000,000.00 from the Company. Because Grande communicated his extortionate demands to Gristede's only through Zatuchni, Zatuchni will be a necessary witness concerning the substance of those demands and Plaintiff's authorization for those demands. Moreover, if, as seems inevitable, Grande suggests that his $2,000,000.00 demand was made in reliance on legal advice that he had a meritorious Whistleblower Act claim—which he obviously did not—he may thereby waive any attorney-client privilege applicable to such communications and open Zatuchni to examination on that issue as well.

In effect, Grande's defamation claim will require Gristede's to call Zatuchni as a deposition and trial witness on the topics of, at a minimum: (1) Grande's communications with the Company and its outside attorney; (2) Grande's authorization for Zatuchni's demand for $2,000,000.00 from Gristede's in exchange for not publicizing his false and misleading allegations about the Company's accounting and tax practices; and (3)

---

[1] Rule 3.7 lists several exceptions to this ban. None of them appear to be applicable under the circumstances of this case.

Hon. Shira A. Scheindlin
Re: *Grande v. Gristede's Foods, Inc. et al.*
April 18, 2011
Page 3

Grande's knowledge of the lack of any factual or legal basis for his now withdrawn Whistleblower Act claim. This testimony is obviously "both necessary [to Gristede's defense] and prejudicial [to Grande]." *Decker v. Nagel Rise LLC*, 716 F. Supp. 2d 228, 234 (S.D.N.Y. 2010) (Scheindlin, J.) (granting motion to disqualify). *Cf. Falk v. Gallo*, 73 A.D.3d 685, 901 N.Y.S.2d 99, 100 (2d Dept. 2010) (approving disqualification of plaintiff's attorney on grounds that he was the only non-party with knowledge of the relevant communications); *Skyline Travel Inc. v. Skylink Travel, Inc.*, 2009 WL 1119418, at *3-4 (S.D.N.Y. Apr. 23, 2009) (disqualifying plaintiff's attorney if his testimony would be needed regarding basis for defamation claim).

Moreover, as in the *Decker* case, there is a looming conflict of interest here, in violation of Rule 1.7 of the Rules of Professional Conduct. *Cf. Decker*, 716 F. Supp. 2d at 234-35. If Zatuchni informed his client that there was no factual or legal basis for a Whistleblower Act claim before Grande made his $2,000,000.00 "settlement" demand, then his testimony will greatly prejudice his client. On the other hand, if Zatuchni *denies* that he timely informed Plaintiff that he lacked any factual or legal basis for a Whistleblower Act claim, then Zatuchni is effectively testifying to his own malpractice. Zatuchni simply cannot represent Grande given this obvious conflict.

While disqualification motions are, quite properly, disfavored and strictly scrutinized by the courts, Gristede's respectfully submits that the circumstances of this case necessitate this drastic remedy. Accordingly, the Company asks permission to brief this issue fully and present to the Court such application to disqualify Zatuchni by way of a formal motion.

Respectfully submitted,

*[signature]*

Charles H. Kaplan (CK-5801)
Partner
Sedgwick, Detert, Moran & Arnold LLP

cc: David Zatuchni, Esq. *(via Federal Express)*
    Zatuchni & Associates LLC
    1 West Street, Suite 100
    New York, New York 10004
    Tel. 212-785-8980
    Fax 212-785-8981

NY/693007v4