UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSEPH GRANDE,

                      Plaintiff,         Civil Act. No: 1:11-cv-00777-SAS-JLC
                                                  ECF Case

v.

GRISTEDE'S FOODS, INC.; JOHN
CATSIMATIDIS,

                      Defendants.
-------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT GRISTEDE'S FOODS, INC.'S RENEWED MOTION TO DISMISS

                                  SEDGWICK LLP
                                    125 Broad Street, 39th Floor
                                    New York, New York 10004
                                    Telephone: 212-422-0202
                                    E-Mail: charles.kaplan@sedgwicklaw.com
                                    E-Mail: william.brennan@sedgwicklaw.com
                                    *Attorneys for Defendant Gristede's Foods, Inc.*

                                    Of Counsel:
                                    Charles H. Kaplan (CK-5801)
                                    William J. Brennan (WB-0742)

**TABLE OF CONTENTS**

          **Page**

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GRISTEDE'S FOODS, INC.'S RENEWED MOTION TO DISMISS .................................................................... 1

I.    INTRODUCTION ................................................................................................ 1

II.   CASE BACKGROUND ....................................................................................... 2

III.  COUNT II MUST BE DISMISSED BECAUSE THE ALLEGEDLY DEFAMATORY STATEMENT WAS NONACTIONABLE .................................. 3

    A.    The Legal Standard for a Motion to Dismiss ......................................... 3

    B.    The Allegedly Defamatory Statement Did Not Allege Criminal Conduct in the Context of the Post's Article ............................................................. 4

    C.    The Allegedly Defamatory Statement Alleged Only an Intent to Commit a Crime ................................................................... 6

IV.  THE AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO PROSECUTE .................................................................................................. 6

V.   GRANDE MUST PAY GRISTEDE'S ATTORNEYS' FEES AND COSTS PURSUANT TO N.Y. LABOR LAW § 740(6) ............................................... 8

    A.    The Relevant Statute: New York Labor Law § 740 ........................... 9

    B.    Grande Must Pay Gristede's Attorney's Fees and Court Costs Because His Labor Law § 740 Claim Was "Without Basis in Law or Fact" .................. 10

        1.    Grande's Labor Law § 740 Claim Was Spurious Because It Failed to Allege Conduct Presenting a Substantial and Specific Danger to the Public Health and Safety ..................................................................... 10

        2.    Labor Law § 740(6) Entitles Gristede's to Recover Its Attorney's Fees and Costs ........................................................................ 12

V.   CONCLUSION ................................................................................................ 14

CERTIFICATE OF SERVICE ......................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

### Cases

*600 W. 115th St. Corp. v. Von Gutfeld*,
  80 N.Y.2d 130, 589 N.Y.S.2d 825 (1992) ................................................................................ 8

*Albert v. Loksen*,
  239 F.3d 256 (2d Cir. 2001) ..................................................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. ____, 129 S. Ct. 1937 (2009) ..................................................................................... 7

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007) ....................................................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 S.Ct. 1955 (2007) ................................................................................................ 6

*Brian v. Richardson*,
  87 N.Y.2d 46, 637 N.Y.S.2d 347 (N.Y. 1995) .......................................................................... 7

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................................... 6

*Cotrone v. Consolidated Edison Co. of New York, Inc.*,
  50 A.D.3d 354, 856 N.Y.S.2d 48 (1st Dept. 2008) ............................................................ 13, 14

*G&R Moojestic Treats, Inc. v. Maggiemoos's International, LLC*,
  2004 WL 117762 (S.D.N.Y. May 27, 2004) ............................................................................ 8

*Greenbelt Coop. Publishing Association, Inc. v. Bresler*,
  398 U.S. 6 (1970) ...................................................................................................................... 8

*Gross v. New York Times Co.*,
  82 N.Y.2d 146, 603 N.Y.S.2d 813, N.E.2d 1163 (1993) .......................................................... 8

*Kaye v. Prisma Corporation*,
  172 A.D.2d 287, 568 N.Y.S. 2d 103 (1st Dept. 1991) .............................................................. 9

*Link v. Wabash R.R. Co.*,
  370 U.S. 626 (1962) .................................................................................................................. 9

*McGrane v. Reader's Digest Ass'n, Inc.*,
  822 F.Supp. 1044 (S.D.N.Y. 1993) ......................................................................................... 14

*McNamee v. Clemens*,
  2011 WL 323267 (E.D.N.Y. Feb.3, 2011) ................................................................................ 8

*Noble v. 93 University Place Corp.*,
  303 F.Supp.2d 365 (S.D.N.Y. 2003) ....................................................................................... 13

NY/748854v2

*Reddington v. Staten Island University Hosp.*,
   373 F.Supp.2d 177 (E.D.N.Y. 2005) .................................................................................. 15

*Reddington v. Staten Island University Hosp.*,
   543 F.3d 91 (2d Cir. 2008) ................................................................................................. 15

*Remba v. Federation Employment and Guidance Service*,
   76 N.Y.2d 801, 559 N.Y.S.2d 961 (N.Y. 1990) ............................................................ 13, 14, 15

*Rotwein v. Sunharbor Manor Residential Health Care Facility*,
   181 Misc.2d 847, 695 N.Y.S.2d 477 (N.Y. Sup. Nassau Co. Ct. 1999) .............................. 15, 16

*Schultz v. North American Ins. Group*,
   34 F.Supp.2d 866 (W.D.N.Y. 1999) ..................................................................................... 14

*Spencer v. Doe*,
   139 F.3d 107 (2d Cir. 1998) ............................................................................................ 10, 11

*Streetbrains.com, LLC v. Lyris, Inc.*,
   2011 WL 1483967 (S.D.N.Y. Apr. 18, 2011) ...................................................................... 9, 10

*Trustco Bank of New York v. Capital Newspaper Div. of Hearst Corp.*,
   213 A.D. 2d 940, 624 N.Y.S. 2d 291,  (3d Dept. 1995) .......................................................... 8

## Statutes

New York Labor Law § 740 .................................................................... 4, 5, 11, 12, 13, 14, 15, 16

Penal Law § 155.05.2(e) ............................................................................................................. 8

## Other Authorities

*New York Post* ................................................................................................................ 6, 7, 8

## Rules

49 CFR 397.5 ............................................................................................................................ 14

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 5, 16

Federal Rule of Civil Procedure 41(b) ............................................................... 5, 9, 10, 11, 16

Federal Rules of Civil Procedure 8(a)(2) ...................................................................................... 6

## Treatises

43A *N.Y. Jur. 2d Defamation and Privacy* § 22 ........................................................................ 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSEPH GRANDE,

                        Plaintiff,                Civil Act. No: 1:11-cv-00777-SAS-JLC
                                                       ECF Case

v.

GRISTEDE'S FOODS, INC.; JOHN
CATSIMATIDIS,

                        Defendants.
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GRISTEDE'S FOODS, INC.'S RENEWED MOTION TO DISMISS**

Defendant Gristede's Foods, Inc. ("Gristede's"), by its attorneys Sedgwick LLP, respectfully submits this Memorandum of Law in support of its renewed motion to dismiss the Amended Complaint of Joseph Grande ("Grande" or "Plaintiff").[1]

**I.    INTRODUCTION**

Grande's Amended Complaint (the "Complaint") originally asserted two causes of action. Count I contended that Gristede's terminated Grande for "whistleblowing conduct" in violation of New York Labor Law § 740. Although Grande has agreed to voluntarily dismiss Count I with prejudice, Gristede's is nonetheless entitled to recover its attorney's fees and costs incurred in connection with Count I. Grande's sole remaining claim, Count II, avers that Gristede's Chairman and CEO, Defendant John Catsimatidis ("Catsimatidis"), defamed Grande

---

[1]     This motion is substantially similar to a prior motion filed on April 8, 2011. *See* Document No. 11 (April 8, 2011). Due to Grande's purported interest in obtaining new counsel, and at the request of the Court, Gristede's withdrew its prior motion "without prejudice and with leave to renew." *See* Document No. 15 (May 31, 2011). Pursuant to the July 11, 2011 Court conference, Gristede's has added Plaintiff's failure to prosecute this action as a ground for Gristede's motion.

when questioned by a reporter about the filing of Grande's initial complaint, which contained only the now-dismissed Count I. Even assuming *arguendo* that the remaining allegations in Grande's Complaint are accurate – and they are not – his Complaint fails to state any defamation claim upon which relief can be granted.

Finally, the Court directed Grande's former counsel to withdraw at an April 26, 2011 conference. Since that time, Grande has failed to obtain new counsel. Grande also failed to appear at a mandatory July 11, 2011 Court conference. The Court should therefore also dismiss Grande's action for failure to prosecute.

In sum, the Court should dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and 41(b), award Gristede's its attorneys' fees and costs as provided by N.Y. Labor Law § 740(6), and grant Gristede's such other and further relief as this Court deems just and proper.

## II.     CASE BACKGROUND[2]

Grande is a disgruntled former employee of Gristede's. Complaint at ¶¶ 5, 30-31. Grande was employed as Gristede's Controller and the Company terminated him for cause. *Id.* at ¶¶ 30, 31. According to Grande, Gristede's discharged him because he had reported internally that Gristede's was failing to pay the correct amount of payroll taxes on compensation paid to its employees and the Company wished to stop him from disclosing this alleged misconduct to the

---

[2]     As a plaintiff's factual allegations are assumed to be truthful in the context of a motion to dismiss, Gristede's will treat Grande's factual allegations as accurate only for purposes of this motion. If necessary, Gristede's will challenge the truthfulness and accuracy of Grande's allegations in a summary judgment motion or at trial and specifically reserves the right to do so.

authorities.  *Id.* at ¶¶ 10, 22, 27, 32, 33.  In response to a pre-motion letter from Gristede's, however, Grande agreed to voluntarily dismiss his whistleblower claim, Count I, with prejudice.[3]

Grande's sole remaining claim alleges that an article in the *New York Post* (the "*Post*") reported that Catsimatidis made a defamatory statement when the *Post* interviewed Catsimatidis about the allegations in Grande's original complaint.  *Id.* at ¶ 40.  Specifically, Grande alleges that the following statement was defamatory:  "Catsimatidis also said Grande, 42, tried to extort $2 million from the company."  *Id.* at ¶ 42.  A copy of the *Post*'s article is attached as **Exhibit 1** to the Affirmation of Charles H. Kaplan in Support of Defendant Gristede's Foods, Inc.'s Renewed Motion to Dismiss, filed herewith.[4]  Grande has not sued the *Post* for publishing this allegedly defamatory statement.

### III. COUNT II MUST BE DISMISSED BECAUSE THE ALLEGEDLY DEFAMATORY STATEMENT WAS NONACTIONABLE

Grande alleges that he was slandered when Catsimatidis was quoted as suggesting that Grande tried to extort money from Gristede's.  Catsimatidis's statement is nonactionable, however, both because it was clearly a statement of opinion when read in the full context of the *Post* article, and because it alleged, at most, an intent to commit a crime.

#### A. The Legal Standard for a Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair

---

[3]  On April 7, 2011, Plaintiff filed electronically with the Count a Voluntary Discontinuance of Count I of the Amended Complaint which stated that "Plaintiff hereby voluntarily discontinues and dismisses Count I of the Amended Complaint (NY Labor Law, § 740) with prejudice."
[4]  The *Post's* article is explicitly referenced and relied upon in the Amended Complaint.  As such, the Court may review it for purposes of deciding this motion to dismiss without converting this motion into one for summary judgment.

3

notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must therefore provide in his complaint the grounds upon which the claims rest, through factual allegations sufficient to raise a right to relief above the speculative level. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Put another way, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1950 (2009).

**B.  The Allegedly Defamatory Statement Did Not Allege Criminal Conduct in the Context of the Post's Article**

Grande amended his complaint to add Count II, asserting that an oral statement allegedly made by defendant John Catsimatidis ("Catsimatidis") to the *Post* amounted to defamation *per se*. As Grande did not bring a claim against the *Post*, which printed the allegedly defamatory statement, his claim against Defendants is therefore one for slander. *See Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001).

> To establish a cause of action in slander, the plaintiff must show either that the statement complained of caused him or her "special harm" or that it constituted slander "per se." … Generally speaking, "special harm" means "'the loss of something having economic or pecuniary value.'" … The four categories of statements that have historically constituted slander per se in New York are those that (i) charge the plaintiff with a serious crime; (ii) tend to injure the plaintiff in his or her trade, business or profession; (iii) imply that the plaintiff has a loathsome disease; or (iv) impute unchastity to a woman. … The issue of whether a statement is actionable per se is for the court.

*Albert*, 239 F.3d at 271 (internal citations omitted). Grande's Amended Complaint thus alleges that Catsimatidis's alleged "statement that Mr. Grande engaged in extortion falsely accuses Mr. Grande of serious criminal conduct and constitutes defamation *per se*." Complaint at 48.

4

In order to be defamatory, Catsimatidis's statement must be one of fact and not merely opinion.  *Brian v. Richardson*, 87 N.Y.2d 46, 51, 637 N.Y.S.2d 347, 350 (N.Y. 1995).  Here, read in context, the *Post* was simply relaying an alleged statement of opinion by Catsimatidis that he believed that Grande's claims were an attempt to garner monies from Gristede's.  The *Post* was not repeating a statement of fact by Catsimatidis that Grande had committed the crime of extortion.

> [The] 'use of the word 'extortion', which is defined as a felony in Penal Law § 155.05.2(e), does not necessarily make [the defendant's] remarks actionable statements of fact.  Depending upon the context in which it is used, such an accusation can be understood as mere 'rhetorical hyperbole' or a 'vigorous epithet,' which is not actionable."

*Trustco Bank of New York v. Capital Newspaper Div. of Hearst Corp.*, 213 A.D. 2d 940, 942, 624 N.Y.S. 2d 291, 293 (3d Dept. 1995) (citing *Gross v. New York Times Co.*, 82 N.Y.2d 146, 155, 603 N.Y.S.2d 813, 623 N.E.2d 1163 (1993); *600 W. 115th St. Corp. v. Von Gutfeld,* 80 N.Y.2d 130, 143-145, 589 N.Y.S.2d 825 (1992)).  *See also Greenbelt Coop. Publishing Association, Inc. v. Bresler*, 398 U.S. 6, 14 (1970) (charge of "blackmail" was not slanderous but "rhetorical hyperbole" in context); *McNamee v. Clemens*, 2011 WL 323267, at *16 (E.D.N.Y. Feb. 3, 2011) (finding that, in context, "[s]tatements suggesting [the plaintiff] committed extortion cannot be used to sustain [the plaintiff]'s defamation claim."); *G&R Moojestic Treats, Inc. v. Maggiemoos's International, LLC*, 2004 WL 117762, at *2 (S.D.N.Y. May 27, 2004) (citing *Trustco*).

Given the expensive nature of litigation, it is commonplace for defendants to respond to lawsuits with the rhetoric of extortion.  Reasonable readers would be well aware of this reality and would not understand such accusations to be more than rhetorical in the absence of additional details about an extortionate scheme or extortionate threats.  In this case, the alleged

5

remark by Catsimatidis did not provide any details about any such scheme or threats. Rather, when read in the full context of the *Post* article, Catsimatidis was clearly vehemently rejecting the allegations of Grande's complaint and suggesting that Grande's claims were simply a grab for money, but was not making the factual claim that Grande had violated Penal Law § 155.05.2(e). Catsimatidis's statement would thus be understood to express his opinion about why this lawsuit was filed and not a statement of legal fact.

Because Catsimatidis's statement would have been understood to be his opinion as to Grande's motive, and not a factual statement of specific criminality, Count II must be dismissed.

**C.   The Allegedly Defamatory Statement Alleged Only an Intent to Commit a Crime**

In the alternative, if the Court finds that Catsimatidis was making a factual accusation, he was clearly not alleging that Grande had committed the crime of extortion. According to the Post, Catsimatidis purportedly stated only that Grande "*tried*" to extort money. This description of Grande's intent cannot support Grande's defamation claim because it lacks "the requisite element of an accusation of having actually committed a crime; mere intent or capability to commit a criminal act is insufficient to constitute slander per se." *Kaye v. Prisma Corporation*, 172 A.D.2d 287, 568 N.Y.S. 2d 103, 104 (1st Dept. 1991). *See also* 43A *N.Y. Jur. 2d Defamation and Privacy* § 22. Thus, even if Catsimatidis were understood to have made a factual accusation, it involved only an accusation of intent, and not the commission of a crime, and his statement is therefore nonactionable under New York law.

**IV.   THE AMENDED COMPLAINT MUST BE DISMISSED FOR FAILURE TO PROSECUTE**

In the alternative, if the Court decides that Grande's defamation count adequately states a claim, it should be dismissed nonetheless for his inexcusably dilatory conduct. The Court has

6

the "inherent power" to dismiss "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). *See also Streetbrains.com, LLC v. Lyris, Inc.*, 2011 WL 1483967, at *1-2 (S.D.N.Y. Apr. 18, 2011) (Scheindlin, J.). This power is codified in Rule 41(b), which states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

> In determining whether dismissal is appropriate under Rule 41(b), courts must balance the following factors:
>> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Streetbrains.com,* 2011 WL 1483967 at *1 (quoting *Spencer v. Doe*, 139 F.3d 107, 112–13 (2d Cir. 1998)). None of these factors is dispositive and the Court need not discuss each factor in making its decision. *See Spencer*, 139 F.3d at 113; *Streetbrain.com*, 2011 WL 1483967 at *2.

In this case, the Court agreed with Gristede's position that Grande's former counsel was a necessary witness to the allegations of the Complaint and directed him to withdraw at the April 26, 2011 initial pretrial conference. The Court, however, allowed Grande's counsel to delay his withdrawal, to allow Grande time to locate new counsel. When Grande failed to engage new counsel by the date of the next conference, May 31, 2011, the Court granted another extension, allowing Grande until July 11, 2011 to locate successor counsel. (Because Grande was effectively unrepresented by counsel, the Court directed Gristede's to withdraw its initial motion to dismiss during the period allotted for Grande to locate new counsel.) As of the date of this motion, Grande has therefore failed for *more than three months* to locate successor counsel in

7

order to prosecute his lawsuit. Moreover, after Grande's former counsel withdrew on July 8, 2011, another attorney did not appear in his stead to represent Plaintiff, and Grande failed to attend a court conference on July 11, 2011.[5] It is therefore apparent that Grande does not intend to prosecute this case on his own behalf.

Several of the *Spencer v. Doe* factors weigh in favor of dismissal. First, the delay caused by Grande is at three months and counting. This delay is more than *de minimis* and there is no reason to believe that it will end soon. Second, Gristede's has already been prejudiced by the delay, and it appears likely that it will continue to be prejudiced by further delay, and each time Gristede's is forced to pay its attorney to attend a conference that Grande skips. Finally, this Court has now held three conferences in this case without being able to address any issues other than the disqualification of Grande's counsel, his (repeated) failure to obtain new counsel in a timely manner, and his failure to appear at the July 11, 2011 conference. As a result, the Court asked Gristede's to withdraw its initial motion to dismiss in order to give Grande a fair chance to obtain new counsel. Grande has already had more than a fair chance to be heard; now the Court's interest in managing its docket should take precedence. The Court should therefore dismiss Grande's case for failure to prosecute pursuant to its inherent authority and Rule 41(b).

## V. GRANDE MUST PAY GRISTEDE'S ATTORNEYS' FEES AND COSTS PURSUANT TO N.Y. LABOR LAW § 740(6)

Notwithstanding Grande's agreement to dismiss Count I in response to Gristede's pre-motion letter concerning the instant motion, Gristede's is entitled to its costs and attorney's fees

---

[5] There is good reason to believe that Grande was aware of the July 11, 2011 court conference as Grande's former counsel stated that he had told Grande about the conference. *See* Affirmation of Charles H. Kaplan in Support of Defendant Gristede's Foods, Inc.'s Renewed Motion to Dismiss. Moreover, Grande was certainly aware that his counsel had withdrawn from the case and even a pro se plaintiff has a duty to apprise himself of relevant deadlines and court appearances.

because Count I lacked any basis in law or fact. Under these circumstances, the text of New York Labor Law § 740 and the relevant cases demonstrate that Grande's dismissal of Count I should not bar Gristede's from obtaining fair compensation from Grande for requiring Gristede's to spend money and time to oppose this baseless cause of action.

### A.     The Relevant Statute:  New York Labor Law § 740

Count I of the Amended Complaint alleges that the Company discharged Grande in violation of New York Labor Law § 740. In relevant part, Section 740 sets forth the following prohibitions:

> An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:
>
> (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation **which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud**;
>
> (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such violation of a law, rule or regulation by such employer; or
>
> (c) objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation.

N.Y. Labor Law § 740(2) (emphasis added).

Section 740 also contains a fee-shifting provision to protect employers from baseless claims:

> Employer relief. A court, in its discretion, may also order that reasonable attorneys' fees and court costs and disbursements be awarded to an employer if the court determines that an action brought by an employee under this section was without basis in law or in fact.

N.Y. Labor Law § 740(6).

9

**B.    Grande Must Pay Gristede's Attorney's Fees and Court Costs Because His Labor Law § 740 Claim Was "Without Basis in Law or Fact"**

**1.    Grande's Labor Law § 740 Claim Was Spurious Because It Failed to Allege Conduct Presenting a Substantial and Specific Danger to the Public Health and Safety**

Under the plain language of Section 740(2), Grande was required to allege that his "whistleblowing" activity involved his employer's "violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud" in order to maintain a cause of action for retaliatory discharge under Section 740(2)(a)—disclosing or threatening to disclose to a supervisor or public body; under Section 740(2)(b)—providing information to or testifying before a public body; or 740(2)(c)—objecting to or refusing to participate in any such activity.  N.Y. Labor Law § 740(2).  In all three instances, the statute mandates that the alleged violation create and present a substantial and specific danger to public health or safety or constitute healthcare fraud.  *Id.* Accordingly, the New York Court of Appeals has held that Section 740 "is triggered only by a violation of a law, rule or regulation that creates and presents a substantial and specific danger to the public health and safety."  *Remba v. Federation Employment and Guidance Service*, 76 N.Y.2d 801, 802, 559 N.Y.S.2d 961, 961 (N.Y. 1990).  Further, the courts have repeatedly ruled that the provisions of Section 740 relating to retaliatory discharge must be strictly construed. *Noble v. 93 University Place Corp.*, 303 F.Supp.2d 365, 373 (S.D.N.Y. 2003) (Scheindlin, J.); *Cotrone v. Consolidated Edison Co. of New York, Inc.*, 50 A.D.3d 354, 856 N.Y.S.2d 48, 48 (1st Dept. 2008) (citing *Noble*).  "[T]he Whistleblower law should be viewed as a narrow and specific statutory exception to the employment-at-will doctrine [and] [a]ny effort to expand its protections is properly for the Legislature, not the courts."  *Remba v. Federation Employment*

10

*and Guidance Service*, 149 A.D.2d 131, 545 N.Y.S.2d 140, 142 (1st Dept. 1989) *affd*. 76 N.Y.2d 801, 559 N.Y.S.2d 961 (1990).

Applying these principles, the courts have found that Section 740 claims lack the required substantial and specific danger to the public health and safety if the alleged legal violation merely involved such things as: "fraudulent billing"[6]; "fraudulent economic practices"[7]; "[f]inancial improprieties within a corporation"[8]; or even "leaving tanker trucks with hazardous materials unattended on a public street [in violation of] 49 CFR 397.5".[9]

Grande's Complaint repeatedly makes clear the subject of the "whistleblowing" that was the basis for his now-abandoned Section 740 claim:  Gristede's alleged failure to pay the appropriate payroll taxes for compensation paid to its employees.  *See* Complaint at ¶¶ 10, 22, 27, 33.  Even assuming that these allegations are true (and they are false), such purely financial misconduct patently fails to create and present "a substantial and specific danger to the public health and safety."  As originally pleaded, this case was effectively on all fours with *Remba*, in which the New York Court of Appeals found a Section 740 claim had to be dismissed because whistleblowing related to "fraudulent billing" failed to trigger Section 740's protections.  *Remba*, 76 N.Y.2d 801, 802, 559 N.Y.S.2d 961, 961 (N.Y. 1990).  Just as in *Remba*,  there was absolutely no "substantial and specific" threat to the public health and safety created by

---

[6] *Remba*, 76 N.Y.2d 801, 802, 559 N.Y.S.2d 961, 961 (N.Y. 1990).

[7] *Schultz v. North American Ins. Group*, 34 F.Supp.2d 866, 869 (W.D.N.Y. 1999).

[8] *McGrane v. Reader's Digest Ass'n, Inc.*, 822 F.Supp. 1044, 1051 (S.D.N.Y. 1993).

[9] *Cotrone v. Consolidated Edison Co. of New York, Inc*., 50 A.D.3d 354, 856 N.Y.S.2d 48, 48 (1st Dept. 2008).

11

Gristede's alleged failure to pay the correct amount of payroll taxes. Accordingly, Count I always lacked any legal basis as a matter of settled law and should never have been brought.

### 2. Labor Law § 740(6) Entitles Gristede's to Recover Its Attorney's Fees and Costs

Section 740 authorizes the Court to require Grande to reimburse Gristede's for the fees and costs it incurred in bringing this motion to dismiss Grande's Section 740 claim, and defines the proper grounds for such an award: if Grande's claim "was without basis in law or in fact." N.Y. Labor Law § 740(6). New York courts have awarded attorneys' fees under this provision after finding "not only that there is no merit in the claim and it should be dismissed as a matter of law, but also that it lacks even any arguable merit and that such lack of merit should have been apparent at the commencement of the action." *Rotwein v. Sunharbor Manor Residential Health Care Facility*, 181 Misc.2d 847, 852, 695 N.Y.S.2d 477, 482 (N.Y. Sup. Nassau Co. Ct. 1999) (also finding irrelevant that the plaintiff sought to withdraw the claim). The Second Circuit has endorsed this interpretation of Section 740(6), criticizing in dicta a district court's failure to apply the statutory standard used in *Rotwein*. *Reddington v. Staten Island University Hosp.*, 543 F.3d 91, 94 (2d Cir. 2008) (discussing *Reddington v. Staten Island University Hosp.*, 373 F.Supp.2d 177, 189 (E.D.N.Y. 2005)).

By agreeing to voluntarily dismiss Count I *with prejudice*, Grande has effectively admitted that his Section 740 claim utterly lacked a legal basis. Grande's Amended Complaint clearly failed to allege any legal violation that "creates and presents a substantial and specific danger to the public health or safety, or which constitutes health care fraud" despite the clear requirement for this critical element in the statutory text. Moreover, the New York Court of Appeals recognized over two decades ago in *Remba*, 76 N.Y.2d at 802, that the requirement that

12

the violation create or present a danger to public health or safety is absolutely necessary to maintaining a Section 740 action. Since then, as noted above, New York's federal and state courts have consistently interpreted Section 740 to preclude any possibility that allegations of financial misconduct could satisfy this danger element.

Because Count I of Grande's Amended Complaint "lacks even any arguable merit and . . . such lack of merit should have been apparent at the commencement of the action" (*Rotwein,* 181 Misc.2d at 852, 695 N.Y.S.2d at 482), the Court should award Gristede's the attorney's fees, court costs, and disbursements it was obligated to incur to prepare its opposition to a claim that even Grande now admits is legally unsupportable.

## V. CONCLUSION

For all of the foregoing reasons, Defendant Gristede's Foods, Inc. respectfully requests that the Court dismiss Plaintiff Joseph Grande's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and 41(b), award Gristede's its reasonable attorneys' fees and court costs and disbursements as to Count I of the Amended Complaint pursuant to New York Labor Law § 740(6), and grant Gristede's such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 29, 2011

                                            Respectfully submitted,

                                            SEDGWICK LLP

                                            By:  s/ Charles H. Kaplan
                                                    Charles H. Kaplan (CK-5801)
                                                    William J. Brennan (WB-0742)
                                                    125 Broad Street, 39th Floor
                                                    New York, New York  10004
                                                    Telephone: (212) 422-0202
                                                    E-Mail:  charles.kaplan@sedgwicklaw.com
                                                    E-Mail:  william.brennan@sedgwicklaw.com
                                                    *Attorneys for Defendant Gristede's Foods, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, with exhibit, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 29, 2011.  Executed on July 29, 2011.

s/ Charles H. Kaplan
Charles H. Kaplan (CK-5801)

## ATTORNEY'S CERTIFICATION OF SERVICE BY OVERNIGHT DELIVERY

STATE OF NEW YORK     )
                      :   ss.:
COUNTY OF NEW YORK   )

      CHARLES H. KAPLAN, the undersigned attorney at law admitted to practice in the United States District Court for the Southern District of New York, hereby affirms:  that he is over 18 years of age; is not a party to this action; and is a member of the law firm of Sedgwick LLP, 125 Broad Street, 39th Floor, New York, New York 10004.

      That on July 29, 2011, he caused to be served the attached

**DEFENDANT GRISTEDE'S FOODS, INC.'s MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO DISMISS**

upon the following party at the address designated by him for that purpose:

      Mr. Joseph Grande
      59 Bennett Road
      Matawan, New Jersey 07747

      Said service was made by depositing true copies of the attached papers enclosed in sealed wrappers, properly addressed to the above-named attorneys, into the custody within the State of New York of an overnight delivery service, Federal Express, for overnight delivery, prior to the latest time designated by Federal Express for overnight delivery.

      CHARLES H. KAPLAN declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.  Executed on July 29, 2011.

                                      s/ Charles H. Kaplan
                                      CHARLES H. KAPLAN (CK-5801)