UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSEPH GRANDE,

                       Plaintiff,                  Civil Action No: 1:11-cv-00777-SAS-JLC
                                                   ECF Case

v.

GRISTEDE'S FOODS, INC.; JOHN
CATSIMATIDIS,

                       Defendants.
-------------------------------------------------------X


### DEFENDANT GRISTEDE'S FOODS, INC.'S AMENDED ANSWER TO AMENDED COMPLAINT


SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004
Telephone: (212) 422-0202
E-Mail:  charles.kaplan@sedgwicklaw.com
E-Mail:  william.brennan@sedgwicklaw.com
*Attorneys for Defendant Gristede's Foods, Inc.*

Of Counsel:
Charles H. Kaplan (CK-5801)
William J. Brennan (WB-0742)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOSEPH GRANDE,

                    Plaintiff,              Civil Action No: 1:11-cv-00777-SAS-JLC
                                                    ECF Case

v.

GRISTEDE'S FOODS, INC.; JOHN
CATSIMATIDIS,

                    Defendants.
--------------------------------------------------------X

### DEFENDANT GRISTEDE'S FOODS, INC.'S AMENDED ANSWER TO AMENDED COMPLAINT

       Defendant Gristede's Foods, Inc. ("Gristede's") by its attorneys Sedgwick LLP, hereby answers the Amended Complaint ("Complaint"), as follows:

### RESPONSE TO JURISDICTION AND VENUE

1.     Denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 1 of the Complaint, except admits that Plaintiff Joseph Grande ("Plaintiff" or "Grande") is a natural person.

2.     Admits the allegations contained in Paragraph 2 of the Complaint.

3.     Denies each and every allegation contained in Paragraph 3 of the Complaint, except admits that Plaintiff alleges legal conclusions and purports to invoke this Court's jurisdiction based upon the statute alleged therein.

4.     Denies each and every allegation contained in Paragraph 4 of the Complaint, except admits that Plaintiff alleges legal conclusions and purports to claim proper venue based upon the statute alleged therein.

## RESPONSE TO BACKGROUND FACTS

5.      Denies each and every allegation contained in Paragraph 5 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has a CPA degree.

6.      Denies each and every allegation contained in Paragraph 6 of the Complaint.

7.      Denies each and every allegation contained in Paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in Paragraph 8 of the Complaint, except admits that Gristede's has a union pension fund account.

9.      Denies each and every allegation contained in Paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in Paragraph 10 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff became concerned and suspicious.

11.     Denies each and every allegation contained in Paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in Paragraph 12 of the Complaint, except admits that Robert Zorn was a Vice President at Gristede's and that Mark Kassner became aware of an issue with some ledger entries relating to one of Gristede's accounts and took steps to address that issue.

13.     Denies each and every allegation contained in Paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in Paragraph 14 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation about what Plaintiff noted.

15.     Denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in Paragraph 16 of the Complaint.

2

17.     Denies each and every allegation contained in Paragraph 17 of the Complaint,
except admits that Michael Criscuolo was a Gristede's employee and the son of a
Gristede's executive.

18.     Denies each and every allegation contained in Paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in Paragraph 19 of the Complaint,
except admits that Russell Bedford LLP was auditing Gristede's in or about
September 2009, and denies having knowledge or information sufficient to form a
belief as to the truth of the allegations about what Plaintiff stated to an
unidentified auditor.

20.     Denies each and every allegation contained in Paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in Paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in Paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in Paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in Paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in Paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in Paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in Paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in Paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in Paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in Paragraph 31 of the Complaint,
except admits that Gristede's advised Plaintiff that one of the reasons for his
termination was the need for more leadership in the accounting department.

3

32.     Denies each and every allegation contained in Paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in Paragraph 33 of the Complaint.

## RESPONSE TO COUNT I – NY LABOR LAW, § 740 – WHISTLEBLOWER STATUTE
### (Against Defendant Gristede's)

34.     Gristede's answers Paragraph 34 of the Complaint by repeating and re-alleging

Paragraphs 1 through 33 of this Answer as if fully set forth herein.

35.     Denies each and every allegation contained in Paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in Paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in Paragraph 37 of the Complaint.

## RESPONSE TO COUNT II – DEFAMATION
### (Against Defendants Catsimatidis and Gristede's)

38.     Gristede's answers Paragraph 38 of the Complaint by repeating and re-alleging

Paragraphs 1 through 37 of this Answer as if fully set forth herein.

39.     Denies having knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in Paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in Paragraph 40 of the Complaint,

except admits that Defendant John Catsimatidis was called by a New York Post

reporter about the Complaint, and is the President and Chief Executive Officer of

Defendant Gristede's.

41.     Denies each and every allegation contained in Paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in Paragraph 42 of the Complaint,

except respectfully refers this Court to the New York Post article for its full

content.

43.     Denies having knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in Paragraph 43 of the Complaint.

4

44.  Denies each and every allegation contained in Paragraph 44 of the Complaint.

45.  Denies each and every allegation contained in Paragraph 45 of the Complaint.

46.  Denies each and every allegation contained in Paragraph 46 of the Complaint.

47.  Denies each and every allegation contained in Paragraph 47 of the Complaint.

48.  Denies each and every allegation contained in Paragraph 48 of the Complaint.

49.  Denies each and every allegation contained in Paragraph 49 of the Complaint.

50.  Denies each and every allegation contained in Paragraph 50 of the Complaint.

## AS AND FOR GRISTEDE'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

51.  The Complaint, and each purported claim for relief therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

52.  Plaintiff has withdrawn with prejudice and the Court has dismissed Plaintiff's Count I alleging violation of the Whistleblower Statute, New York Labor Law § 740.

53.  Accordingly, Plaintiff's claims under the New York Labor Law are barred.

### THIRD AFFIRMATIVE DEFENSE

54.  The Complaint fails to allege the citizenship of all parties.

55.  Accordingly, Plaintiff's claims are barred because the Complaint fails to allege properly that the Court has subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

56.  Plaintiff engaged in and knowingly benefitted from fraudulent, misleading, and disloyal conduct in order to obtain and continue in employment with Defendant.

5

57.     Accordingly, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

58.     Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory language described in the Complaint is not actionable because it was a statement of opinion.

## SIXTH AFFIRMATIVE DEFENSE

59.     Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory language described in the Complaint is not actionable because it was a statement of mixed opinion that fairly represented the relevant facts

## SEVENTH AFFIRMATIVE DEFENSE

60.     Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory language described in the Amended Complaint is not actionable because it was true or substantially true.

## EIGHTH AFFIRMATIVE DEFENSE

61.     Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory language described in the Complaint is not actionable because it was absolutely or qualifiedly privileged.

## NINTH AFFIRMATIVE DEFENSE

62.     Upon information and belief, Plaintiff has failed to act to mitigate his damages, if any, or has no damages caused by any acts or failures to act alleged in the Complaint.

NY/755313v2

## TENTH AFFIRMATIVE DEFENSE

63.    Plaintiff engaged in and knowingly benefitted from fraudulent, misleading, and disloyal conduct in order to obtain and continue in employment with Gristede's.

64.    Accordingly, Gristede's may set off its losses and expenses from Plaintiff's fraudulent, misleading, and disloyal conduct against any recovery by Plaintiff in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

65.    Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

## TWELFTH AFFIRMATIVE DEFENSE

66.    Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory language described in the Complaint was provoked by and in response to the misconduct of the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

67.    Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory language described in the Complaint was justified in that Plaintiff, through his attorney, demanded substantial monies from Gristede's in exchange for promising to refrain from making public allegations of purported improper behavior by Gristede's.

## FOURTEENTH AFFIRMATIVE DEFENSE

68.    Plaintiff's claims are barred, in whole or in part, because the alleged defamatory language described in the Complaint was in response to inquiries about the original complaint in this action and is not actionable because it was absolutely or qualifiedly privileged pursuant to the litigation privilege.

NY/755313v2

## FIFTEENTH AFFIRMATIVE DEFENSE

69.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's filing of the original complaint in this action was an abuse of process, and the alleged defamatory language described in the Complaint was in response to such abuse of process and is not actionable because it was absolutely or qualifiedly privileged pursuant to the litigation privilege and the reply privilege to speak in self-defense and to defend one's reputation.

## SIXTEENTH AFFIRMATIVE DEFENSE

70.     The allegedly defamatory language described in the Amended Complaint was provoked by and in response to the misconduct of the Plaintiff and the false and misleading aspersions by Plaintiff about and against Gristede's.

71.     Accordingly, Plaintiff's claims are barred, in whole or in part, because the alleged defamatory language described in the Complaint is not actionable because it was qualifiedly privileged pursuant to the reply privilege to speak in self-defense and to defend one's reputation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

72.     Plaintiff's claims are barred, in whole or in part, because the alleged defamatory language described in the Complaint was in response to the original complaint in this action and is not actionable because it was absolutely or qualifiedly privileged pursuant to New York Civil Rights Law § 74 as, inter alia, a fair and true report of a judicial proceeding.

8

## EIGHTEENTH AFFIRMATIVE DEFENSE

73.     Any recovery by Plaintiff in this action shall be mitigated pursuant to New York

Civil Rights Law § 78 because, inter alia, the alleged defamatory language

described in the Complaint was justified in that Plaintiff, through his attorney,

demanded substantial monies from Gristede's in exchange for promising to

refrain from making public allegations of purported improper behavior by

Gristede's.


WHEREFORE, Defendant Gristede's Foods, Inc. respectfully requests this Court to enter

judgment against Plaintiff (a) dismissing the Amended Complaint with prejudice; (b) awarding

Defendant Gristede's Foods, Inc. its costs, disbursements, attorneys' fees, and expert's fees in

this action; and (c) granting Defendant Gristede's Foods, Inc. such other and further relief as this

Court may deem just and proper.


Dated: New York, New York
          November 14, 2011

                                    Respectfully submitted,

                                    SEDGWICK LLP

                         By:   s/ William J. Brennan
                                    Charles H. Kaplan  (CK-5801)
                                    William J. Brennan (WB-0742)
                                    125 Broad Street, 39th Floor
                                    New York, New York 10004
                                    Telephone: (212) 422-0202
                                    E-Mail:  charles.kaplan@sedgwicklaw.com
                                    E-Mail:  william.brennan@sedgwicklaw.com
                                    *Attorneys for Defendant Gristede's Foods, Inc.*

9

TO:    Simcha D. Schonfeld, Esq. (SS-4830)
        Allen V. Koss, Esq. (AK-5361)
        KOSS & SCHONFELD, LLP
        500 Fifth Avenue, Suite 3130
        New York, New York  10110
        Telephone:  (212) 796-8916
        *Attorneys for Plaintiff*

10

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 14, 2011.  Executed on November 14, 2011.

s/ William J. Brennan
WILLIAM J. BRENNAN (WB-0742